UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

HENRY PETE ALLISON III                                                                    PLAINTIFF

v.                                                              CIVIL ACTION NO. 4:18-CV-P37-JHM

MUHLENBERG CTY. DET. CTR. *et al.*                                                     DEFENDANTS

## MEMORANDUM OPINION

This is a *pro se* civil rights action brought by an inmate pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Henry Pete Allison III leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, this action will be dismissed.

## I. SUMMARY OF COMPLAINT

Plaintiff is incarcerated at Muhlenberg County Detention Center (MCDC). He brings this action against MCDC and Seth Blakeley, the Deputy Jailer at MCDC.

In the complaint, Plaintiff writes as follows: "I was strip searched on video camera in someone else's isolation cell by Deputy Jailer Seth Blakeley on 1/4/18 around 1:30-2:30 AM. There is a designated strip search room with no camera. That was not used for myself but was used for others."

As relief, Plaintiff seeks "justice for the violation of my privacy and the humiliation that was caused."

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a

*pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Claims based upon an illegal strip search are usually analyzed under the Fourth and/or Eighth Amendments. Here, however, Plaintiff's allegations fail to state a constitutional violation. *See, e.g.*, *Hubbert v. Myers,* No. 92-1232, 1993 U.S. App. LEXIS 21883 (6th Cir. Aug. 26, 1993) (affirming summary judgment against a plaintiff who alleged that the defendants "conducted a strip search which was taped by a video camera operated by a female employee" in violation of the Fourth, Eighth, and Fourteenth Amendments); *Gaines v. City of N.Y.*, No. 15-CV-2630 (RRM) (RER), 2016 U.S. Dist. LEXIS 136951, at *8-14 (E.D.N.Y. Sept. 28, 2016) (finding no Fourth nor Eighth Amendment claim where the plaintiff alleged he had been strip searched in front of a video camera and other inmates with female staff present); *Sanchez v. Bauer*, No. 14-cv-02804-MSK-KLM, 2015 U.S. Dist. LEXIS 113190, at *15-16 (D.C. Colo. Aug. 26, 2015) (finding allegation that the plaintiff was "video recorded" while he was strip

searched failed to state a Fourth Amendment claim); *Smith v. City of N.Y.*, No. 14-CV-5934 (JCF), 2015 U.S. Dist. LEXIS 81337, at *6 (S.D.N.Y. June 17, 2015) (recognizing that "neither the presence of cameras nor the presence of other inmates and employees of a correctional facility makes an otherwise constitutional strip search unconstitutional"); *Peek v. City of N.Y.*, No. 13-CV-4488 (AJN), 2014 U.S. Dist. LEXIS 117516, at * 5 (S.D.N.Y. Aug. 18, 2014) (dismissing a Fourth Amendment claim based on a strip search in front of a camera because "[w]ithout more . . . the presence of a camera at a strip search does not amount to a constitutional violation").

In light of this jurisprudence, the Court finds that Plaintiff's allegation that he was "strip searched on video camera" fails to establish a violation of his constitutional rights.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss this action by separate Order.

Date: April 23, 2018

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
Defendants
Muhlenberg County Attorney
4414.011

4